**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:15-CV-80336-ROSENBERG

ELINA ZAYCHICK,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING**
**IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss [DE 13]. Plaintiff filed a Response to the Motion. [DE 22]. Defendant failed to file a Reply; the time period for a reply has passed. The matter is adequately briefed for the Court's disposition. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted in part and denied in part, and Plaintiff's Complaint is dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff is a former homeowner whose home mortgage was serviced by Defendant. Plaintiff defaulted on her loan and foreclosure proceedings were initiated in March of 2012. In January of 2014 Plaintiff filed a loss mitigation application in an attempt to save her home. Her application was denied on May 9, 2014 because she "did not show sufficient evidence of impending hardship." Plaintiff appealed the denial. Plaintiff's appeal was unsuccessful.

1

Thereafter, a final judgment of foreclosure was entered and Plaintiff's home was sold at auction on October 3, 2014. Eviction proceedings were initiated against Plaintiff. Eviction proceedings remain ongoing. After Plaintiff's home was sold at auction, Plaintiff (through counsel) sent a letter on November 3, 2014 to Defendant seeking more specific information as to why her loss mitigation application had been denied in May of 2014. Defendant responded; however, Plaintiff asserts that Defendant's response did not satisfy Defendant's obligations under the Real Estate Settlement Procedures Act. This lawsuit followed.

## II. LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III. ANALYSIS AND DISCUSSION

Defendant argues that Plaintiffs' Complaint should be dismissed on five different grounds: (1) Defendant's obligation to respond to RESPA requests expired at such time as a final judgment was entered against Plaintiff, (2) Plaintiff's RESPA claim fails because she has failed to specifically allege a date upon which she submitted a loss mitigation application, (3) Prior to her RESPA request, Plaintiff never authorized Defendant to disclose personal information to third parties (her attorney who drafted the RESPA request), (4) Defendant was not required to offer Plaintiff any loss mitigation options, and (5) Plaintiff fails to properly allege damages. Each point is addressed in turn.

2

> **1. Whether Defendant had an Obligation to Respond to Plaintiff's Alleged Qualified Written Request for Information Under RESPA**

Defendant argues that at such time as a final judgment was entered in Plaintiff's foreclosure case, Plaintiff's mortgage was merged into the final judgment and, as a result, Plaintiff's mortgage was extinguished.  *See JPMorgan Chase Bank, N.A. v. Hernandez*, 99 So. 3d 508, 511 (Fla. Dist. Ct. App. 2011).  As a matter of Florida law, this is true.  But this does not necessarily mean that Defendant's obligations under a federal state, RESPA, ceased.  Under RESPA, a borrower may make a request for information from a loan servicer for up to one year after a loan is discharged.  12 C.F.R. § 1024.36(f)(1)(v)(B).  Although it is not facially apparent whether the merger of a mortgage into a final judgment qualifies as a "discharge," official commentary on the regulation provides the necessary insight:

> The Bureau is adopting § 1024.35(g)(1)(iii)(B) and § 1024.36(f)(1)(v)(B) as proposed. The Bureau believes the requirement to resolve errors and respond to information requests should last over the same timeframe as the obligation to retain records. The Bureau believes it would be impractical to require a servicer to resolve errors and provide information at a time when Regulation X no longer requires the servicer to retain the relevant records. Conversely, the Bureau believes the servicer should be responsible to correct those records during the period when Regulation X does require a servicer to retain records, if necessary, and provide borrowers information from the records. Further, the Bureau believes the use of the term "discharged" is appropriate, especially given that the term is already used in the timing of the record-retention requirement. For purposes of the Bureau's mortgage servicing rules, as opposed to bankruptcy purposes, a mortgage loan is discharged when both the debt and all corresponding liens have been extinguished or released, as applicable. The Bureau believes a borrower should have the benefit of the error resolution, information request, and record retention provisions so long as a debt *or* lien remains because only after both have been eliminated will there be no further possibility of a borrower needing to seek servicing information or to assert a servicing error. Thus, the Bureau is finalizing this provision as proposed.

Amendments to the 2013 Mortgage Rules Under the Equal Credit Opportunity Act (Regulation B), Real Estate Settlement Procedures Act (Regulation X), and the Truth in Lending Act (Regulation Z), 78 FR 60382-01 (Oct. 1, 2013).  Based upon the foregoing commentary, the Defendant's

3

RESPA obligations did not end with the merger of Plaintiff's mortgage with the final judgment entered in Plaintiff's foreclosure case. Defendant's Motion to Dismiss is therefore denied as to this point.

## 2. Whether Plaintiff has Failed to Allege With Specificity the Date She Submitted a Loss Mitigation Application

In order for Plaintiff's loss mitigation application to have been timely, it must have been submitted at least 37 days prior to her foreclosure sale. 12 C.F.R. § 1024.41(c). Plaintiff alleges that the foreclosure sale took place on October 3, 2014. Plaintiff alleges that her loss mitigation application was denied on May 9, 2014. Construing all inferences in favor of Plaintiff, it is clear that Plaintiff alleges she submitted her loss mitigation application more than 37 days prior to her foreclosure sale and, as a result, Defendant's Motion to Dismiss cannot be granted as to this point.

## 3. Whether Plaintiff Authorized Defendant to Reveal the Requested Information to Third Parties

Although Defendant argues that it was not authorized to disclose Plaintiff's information (in response to the written request for information under RESPA), such authorization is not an element of a prima facie RESPA claim. This is an issue of fact outside of the four corners of Plaintiff's Complaint. The Court therefore denies Defendant's Motion to Dismiss as to this point.

## 4. Whether Defendant Was Required to Offer Any Specific Loss Mitigation Options

Defendant argues that it was not required to offer Plaintiff any loss mitigation options. This would appear to be true, but the connection this argument has with Plaintiff's Complaint is unclear. Plaintiff merely sought information related to her prior loss mitigation application. Plaintiff does not allege that she should have been offered a certain loss mitigation plan. Defendant's arguments on this point therefore lack relevance and does not provide a basis to grant Defendant's Motion to Dismiss as to this point.

4

5. **Whether Plaintiff has Properly Alleged Damages**

Defendant's final argument has merit. Plaintiff alleges actual damages, emotional distress damages, statutory damages, attorney's fees, and litigation costs. With respect to litigation costs, attorney's fees, and other actual damages pertaining to Plaintiff's written request for information, the costs incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation. *See Steele v. Quantum Serv. Corp.*, 12-CV-2897, 2013 WL 3196544 (N.D. Tex. June 25, 2013). To hold otherwise would mean that every RESPA claim has damages built-in to the claim. *See Lal v. Amer. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Courts have so held because the wording of the relevant RESPA regulation only provides for "actual damages to the borrower **as a result of** the failure" to comply with RESPA. 12 U.S.C. § 2605(f)(1)(A) (emphasis added).

With respect to emotional damages and other unspecified actual damages (to be proven at trial and which stem from the RESPA violation), this is a closer question. *See Mellentine v. Ameriquest Mortg.*, 515 F. App'x 419, 424-25 (6th Cir. 2013) (accepting the mere allegation of "damages in an amount not yet ascertained, to be proven at trial"). It is true (as Plaintiff argues) that there is no heightened pleading requirement for RESPA claims. Even viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff has plausibly stated, with sufficient particularity under *Twombly*, a claim for emotional damages when Plaintiff's emotional damages could easily be inferred to arise from: (i) Plaintiff's default on her mortgage, (ii) the commencement of foreclosure proceedings on Plaintiff's home, (iii) the entry of final judgment in the foreclosure proceeding against her, (iv) the sale of her home at foreclosure, and (v) eviction proceedings against Plaintiff. Under the allegations of the Complaint, Plaintiff's

RESPA claim did not accrue until all of the foregoing had already occurred, and eviction proceedings were either pending or imminent.

Moreover, accepting the allegations in the Complaint as true, Plaintiff's loss mitigation application was denied and, as Plaintiff would appear to concede, Defendant was not obligated to approve Plaintiff's loss mitigation application. Defendant provided a reason for its denial. Plaintiff appealed the denial. Plaintiff's appeal was unsuccessful. Now, after her home has been foreclosed upon and eviction proceedings are pending, Plaintiff alleges that she sought more specificity as to why her loss mitigation application had been denied six months previously. The Court is unable to plausibly infer how Defendant's alleged failure to provide greater specificity on this matter generated emotional damages, in light of the fact that Plaintiff's appeal of her loss mitigation application denial had already been unsuccessful. It is not immediately apparent what causal connection may be inferred between Plaintiff's alleged emotional damages and her RESPA claim, in the context of Plaintiff's other allegations.

Plaintiff must plead a plausible causal connection for her emotional damages. *See, e.g.*, *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1145 (D. Colo. 2013); *Kapsis v. Am. Home Mortg. Serv. Inc.*, 923 F. Supp. 2d 430, 445 (E.D.N.Y. 2013). The same holds true for Plaintiff's unspecified actual damages to be proved at trial. Even though some courts have found these allegations to be sufficient for RESPA claims on different facts, in light of all of the allegations in *this* case, Plaintiff must plead a plausible causal connection.

As a final matter, with respect to statutory damages, Plaintiff has failed to allege any basis for Defendant's behavior to have been a part of a regular pattern or practice. There is only one instance alleged here. This is insufficient. *See McLean v. GMAC Mortg. Co.,* 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (finding that two RESPA violations was insufficient to support a pattern or

practice); *Ploog v. HomeSide Lending, Inc.,* 209 F. Supp. 2d 863, 868 (N.D. Ill. 2002) (failure to respond to qualified written requests on five occasions was sufficient to establish a pattern or practice); *In re Holland,* No. 04–18099–JNF, 2008 WL 4809493, *11 (Bankr. D. Mass. Oct. 30, 2008) (finding no pattern or practice where plaintiff offered no documents or testimony to establish that the loan servicer had a standard or institutionalized practice of RESPA violations). The Court therefore grants Defendant's Motion to Dismiss on the issue of damages and Plaintiff's Complaint is dismissed without prejudice for Plaintiff to have the opportunity to re-plead her case as more fully specified above.

## IV. CONCLUSIONS AND RULING

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 13] is **GRANTED IN PART AND DENIED IN PART**, that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDCE**, that Plaintiff has seven (7) days from the date of this Order to file an amended complaint, and that Defendant shall answer any amended complaint within ten (10) days of the date it is served a copy of the amended complaint.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 27th day of July, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record